IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAPER FRANK WOODYARD,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               )     CIVIL ACTION NO. 26-00014-KD-MU
                                 )
BALDWIN COUNTY JAIL, *et al*.,   )
                                 )
    Defendants.                  )

## ORDER

This action is before the Court on Woodyard's "Motion to Intercede or Intervene" brought pursuant to Rule 65(a) and (b) of the Federal Rules of Civil Procedure (doc 3). Upon consideration, and for reasons set forth herein, the Motion is MOOT.

I. Background

Woodyard filed a Complaint pursuant to 42 U.S.C. § 1983 against the Baldwin County Jail, an Unknown Cubicle Officer, Officer Deputy Archer, Warden and Sheriff of Baldwin County Jail and Deputy Taylor (doc. 1).[1] He alleges that the Defendants are staging "Gladiator style fights" at the Jail and forcing Woodyard to participate.

Woodyard alleges that on January 11, 2026, he was removed from the Secure Housing Unit and forced to fight another inmate while the staff watched and did not protect him. He alleges that he must participate in these fights in order to obtain medical treatment for his prior injuries. He also alleges that he is frequently attacked by other inmates, including inmates with whom he has previously fought and with whom he should not be in contact, and the jail staff takes no action to protect him.

---

[1] Woodyard's Motion to Proceed In Forma Pauperis (doc. 2) is pending before U.S. Magistrate Judge P. Bradley Murray.

II. Analysis

Woodyard now seeks relief in the form of a preliminary injunction or temporary restraining order for the Defendants to stop this alleged conduct (doc. 3).  He alleges that the Officers are promoting the fights "for pleasure and monetary gain" (Id.).  He asks the Court to "intervene because administrative officials here at the Jail are either directly involved in the racket that has become Gladiator style combat which the defendants bet on or they simply won't investigate or stop for other personal reasons" (Id., p. 3). Woodyard also raises other allegations regarding conditions at the Jail, such as contaminated food and drinking water, lack of medical treatment, and failure to follow jail procedures when moving Secured Housing inmates.

However, the docket indicates that Woodyard has been transferred to the Mobile County Metro Jail (doc. 5).  In this circumstance, his "claims for prospective relief are moot because he is no longer in detention" at Baldwin County Jail "and the 'capable of repetition yet evading review' exception does not apply." Lewis v. Sheriff, Fulton Cnty. Georgia, 166 F.4th 107, 115 (11th Cir. 2026).  In Lewis, the Court of Appeals for the Eleventh Circuit explained that

> "An issue becomes moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Mobley v. Palm Beach Cnty. Sheriff's Dep't, 783 F.3d 1347, 1352 (11th Cir. 2015) (citation modified). We have applied this rule specifically to prisoners who bring claims for injunctive relief after being released from custody. In this Court, "[t]he general rule ... is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007). "The reason for this rule is that injunctive relief is a prospective remedy, intended to prevent future injuries." Id. (citation omitted).

Lewis, 166 F. 4th at 115.

Since he is no longer incarcerated in the Baldwin County Jail, there is no longer a live controversy – the Defendants exposing Woodyard to Gladiator style fights – for which the Court "can give meaningful review."  Lewis, 166 F.4th at 115.

2

Also, nothing before the Court indicates that Woodyard's claim falls within the "'narrow' exception" to mootness – "capable of repetition, yet evading review" Id.  Woodyard may invoke this exception "only when (1) there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Id.  Woodyard has not met the first part of the analysis. He has not shown that there is a "reasonable expectation or demonstrated probability" that he will return to the Baldwin County Jail and that the Gladiator style fights will resume.  Woodyard requested that his notice of change of address be filed in all his actions in this Court.[2]  He also requested that this Court send the notice of change of address to the Court of Appeals for the Eleventh Circuit and the Middle District of Alabama and that all "communications or Orders issued … since" May 20, 2026 be sent to him at Mobile County Metro Jail.  Thus, Woodyard does not appear to anticipate transfer back to Baldwin County Jail.

DONE and ORDERED this 14th day of July 2026.

s/ Kristi K DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[2] At present, Woodyard has filed approximately least thirty-five actions in this Court, primarily within the last three years. He is now subject to 28 U.S.C. § 1915(g).