**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-00014-KD-MU |
| | ) | |
| BALDWIN COUNTY JAIL , *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Draper Frank Woodyard, currently a pretrial detainee confined at the Mobile County Metro Jail, filed a complaint under 42 U.S.C. § 1983, while confined at the Baldwin County Corrections Center ("the Jail"), seeking relief against the Jail, an Unknown Cubical Officer, Deputy Archer, Warden and Sheriff of the Jail, and Deputy Taylor. (Doc. 1).[1] Woodyard's complaint has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

Upon review, the Court finds that Woodyard's complaint is deficient. His complaint is not on the form required by this Court for prisoner actions under § 1983 and the exact claims and incident described are difficult to understand. Woodyard alleges that the Defendants are staging "Gladiator style fights" at the Jail and forcing Woodyard to participate. He centers his allegations on an incident that occurred on January 11,

[1] Woodyard also filed a Motion to Intercede or Intervene requesting injunctive relief. (*See* Doc. 3). Because Woodyard requested prospective relief related to the conditions of confinement at the Baldwin County Corrections Center ("BCCC") and he has now been transferred from the BCCC and has failed to show there is a reasonable expectation that he would return to the BCCC, the Court found there was no longer a live controversy and his motion was moot. (Doc. 6).

2026, when he was removed from the Secure Housing Unit and forced to fight another inmate while the staff watched and did not protect him. He seemingly alleges that he must participate in these fights to obtain medical treatment for his prior injuries. He also alleges that he is frequently attacked by other inmates, including inmates with whom he has previously fought and with whom he should not be in contact, and the jail staff takes no action to protect him.

Accordingly, because Woodyard did not file his complaint on this Court's required form and did not clearly set forth his claim(s), he is **ORDERED** to file an amended complaint on or before **September 24, 2026**.

Woodyard's amended complaint will supersede and completely replace his original complaint; therefore, the amended complaint shall not reference or seek to incorporate by reference any portion of the original complaint. Woodyard must fully complete all applicable sections of the form complaint and sign the complaint under penalty of perjury. If additional pages are needed to provide all information requested in the form complaint, Woodyard must **strictly follow** the format contained in the form complaint when completing the additional pages. Woodyard is cautioned that the amended complaint must only include factual allegations that are directly relevant to the claims he is asserting in this action.

Woodyard should pay particular attention to the instructions in Section III of the complaint form. In that section, Woodyard must:

(1) identify the full name, job title, and place of employment of each person he intends to include as a defendant in this action;

(2) clearly and separately identify each legal claim he is making against that defendant; and

(3) state the facts supporting each claim against that defendant (to the extent more than one claim is asserted against a defendant, Woodyard must make clear which facts pertain to which claims).

If Woodyard cannot list all necessary information on the space provided in the form complaint, he may attach additional pages to the form complaint, but in doing so, he must **strictly follow the format contained in Section III of the form complaint for each defendan**t and must clearly identify each of his legal claims against each defendant and the facts supporting each claim against each defendant.

Additionally, a review of the record reveals that Woodyard has filed an improper motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), in this action. (Doc. 2). However, Woodyard requests that the Court take judicial notice of his IFP motion and recent account statement filed with this Court in case numbers 25-cv-00202-TFM-MU and 25-168-JB-N. (Doc. 2 at 1). Accordingly, the Court **STRIKES** Woodyard's pending IFP motion filed at the commencement of this action (Doc. 2) and **DIRECTS** the **Clerk of Court** to enter a copy of the IFP motion filed in 25-cv-00202-TFM-MU and 25-168-JB-N in this action.

Woodyard is **cautioned** that if he fails to fully comply with this order on or before **September 24, 2026**, or if he fails to immediately notify this Court in writing of any change in his address, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's order.

The Clerk of Court is **DIRECTED** to send Woodyard a copy of this Court's form

for a prisoner complaint under 42 U.S.C. § 1983 and a copy of his initial complaint (Doc. 1) for his use.

**DONE** and **ORDERED** this **31st** day of **August, 2026**.

**/s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**